UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DONNA L. STRAKA-ACTON,**

       **Plaintiff,**

v.                                                                       Case No:   6:14-cv-630-Orl-GJK

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Donna L. Straka-Acton (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability insurance benefits and supplemental security income.  Doc. No. 1.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) assigning little weight to the opinion of her treating physician, Dr. Nageh Barsoum; 2) not adequately accounting for her moderate limitations in concentration, persistence and pace in his residual functional capacity ("RFC") determination; and 3) relying on the Vocational Expert's ("VE") response to a hypothetical that did not account for all of her functional limitations.  Doc. Nos. 16 at 14-22, 33-38; 20.  Claimant requests that the matter be reversed for an award of benefits, or, in the alternative, remanded for further proceedings.  *Id*. at 39.  For the reasons set forth below, the Commissioner's final decision is **AFFIRMED.**

I.     **STANDARD OF REVIEW**.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

II.   **ANALYSIS.**

   A.  **Dr. Barsoum.**

Claimant argues that the ALJ's decision to assign little weight to Dr. Barsoum's opinion is not supported by substantial evidence. Doc. No. 16 at 14-22. The record reveals that Dr. Barsoum, Claimant's family physician, treated Claimant on numerous occasions between May 23, 2008 and April 24, 2012. R. 524-72, 606-18, 627-45.[1] Therefore, Dr. Barsoum qualifies as a treating physician. *See* 20 C.F.R. § 404.1502.

---

[1] In Claimant's application for disability insurance benefits, she alleged disability beginning on December 1, 2010. R. 204. In Claimant's application for supplemental security income, she alleged disability beginning on April 4, 2011. R. 208.

In assessing medical opinions, the ALJ must consider a number of factors in determining how much weight to give to each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization.  20 C.F.R. §§ 404.1527(c), 416.927(c).  A treating physician's opinion must be given "substantial or considerable weight," unless "good cause" is shown to the contrary. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *see also* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).  "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records."  *Winschel*, 631 F.3d at 1179 (quotation marks omitted).  In contrast, good cause "is not provided by the report of a nonexamining physician where it contradicts the report of the treating physician."  *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).  If the ALJ disregards or accords less weight to the opinion of a treating physician, the ALJ must clearly articulate his or her reasons for doing so, because the failure to do so constitutes reversible error.  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

On June 20, 2012, Dr. Barsoum completed a form entitled "Physical Restrictions Evaluation" (the "Assessment").  R. 663-65.  In the Assessment, Dr. Barsoum opines that Claimant can sit for less than one hour in an eight-hour period, and can sit without interruption for 15-30 minutes.  R. 663.  Dr. Barsoum opines that Claimant can stand and/or walk for less than one hour in an eight-hour period, and can stand and/or walk without interruption for 15-30 minutes.

*Id*.  Dr. Barsoum opines that an option to change positions from sitting and standing would not enable Claimant to work eight hours a day on a sustained basis.  *Id*.  Dr. Barsoum opines that Claimant should lie down every one to two hours in an eight-hour period.  R. 664.  Dr. Barsoum opines that Claimant can lift no more than 10 pounds.  *Id*.  Dr. Barsoum opines that Claimant should not repetitively use her hands and feet on a sustained basis in an eight-hour period.  *Id*.  Dr. Barsoum opines that Claimant will likely miss three (3) or more days of work per month due to her impairments.  R. 665.  Although the Assessment form directs Dr. Barsoum to describe the medical findings that support each restriction (R. 663), he failed to do so as to all but one of the restrictions (R. 663-65).[2]

At step two of the sequential evaluation process, the ALJ found that Claimant suffers from the following severe impairments: degenerative disc disease of the spine, left shoulder rotator cuff tear, depression and anxiety.  R. 22.  At step four of the sequential evaluation process, the ALJ determined that Claimant has a RFC to perform "light unskilled work" as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations:

> In terms of exertional limitations, the claimant is limited to only occasional lifting of twenty pounds and frequent lifting of ten pound; standing six hours in an eight-hour workday; and sitting six hours in an eight-hour workday.  Regarding nonexertional limitations, the claimant is limited to frequent stair climbing, stooping, balancing[,] kneeling, crouching, crawling, and ladder climbing.  Regarding manipulative limitations, the claimant is limited to only occasional overhead reaching with the dominant left upper extremity.  Regarding environmental limitations, the claimant is limited to only occasional exposure to humidity/wetness.  The claimant's mental impairments limit the claimant to simple, routine unskilled tasks with only an occasional change in routine work setting.

---

[2] Specifically, Dr. Barsoum only provides medical findings in support of the lifting restriction, where he generally points to MRIs indicating degenerative disc disease and bulging discs.  R. 664.

R. 24.³  In reaching this RFC, the ALJ thoroughly and accurately discussed the medical record, including the MRI reports of Claimant's spine and left shoulder, the examination findings of Claimant's neurologist, Dr. Christopher Prusinski,⁴ and Dr. Barsoum's treatment notes.  R. 25-27.  The ALJ also considered Dr. Barsoum's Assessment and assigned it little weight because it is: 1) inconsistent with the November 29, 2011 opinion of Dr. Jorge Weksler, a nonexamining consultative physician (R. 96-98, 108-10);⁵ 2) inconsistent with claimant's pattern of treatment, particularly the lack of any noted limitations regarding ambulation or sitting in Dr. Barsoum's treatment notes; 3) inconsistent with Dr. Barsoum's clinical examination findings; and 4) contains no "causal connection between the claimant's impairments and the functional limitation[s]."  R. 28.⁶  Claimant challenges each of the aforementioned reasons, arguing that the ALJ failed to articulate good cause to assign little weight to Dr. Barsoum's Assessment.  Doc. Nos. 16 at 14-22; 20.

The ALJ articulated good cause to assign Dr. Barsoum's Assessment little weight.  The ALJ's reliance on the opinion of a nonexamining consultative physician and absence of limitations in treatment notes, are not, standing alone, good cause reasons to assign the Assessment less than

---

³ Light Work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."  20 C.F.R. §§ 404.1567(b), 416.967(b).

⁴ Dr. Prusinski treated Claimant on four (4) occasions between February 8, 2011 and April 12, 2011.  R. 511-21.  Dr. Prusinski never offered any opinion concerning Claimant's ability to function.  R. 334-665.

⁵ The ALJ assigned Dr. Weksler's opinion significant weight.  R. 27-28.  Dr. Weksler opined that Claimant could occasionally lift 20 pounds, and frequently lift 10 pounds.  R. 96, 108.  Dr. Weksler opined that Claimant could sit, stand, and walk for six (6) hours in an eight-hour period.  *Id*.  Dr. Weksler opined that Claimant can frequently climb ramps, stairs, ladders, ropes and scaffolds.  R. 97, 109.  Dr. Weksler opined that Claimant can frequently balance, stoop, kneel, crouch and crawl.  *Id*.  Dr. Weksler opined that Claimant is limited in reaching with her left arm, but is not limited in her ability handle, finger or feel.  *Id*.

⁶ The ALJ cited to his discussion of the medical record in support of his reasons for assigning Dr. Barsoum's Assessment little weight.  R. 28 (citing R. 25-27).

substantial or considerable weight. *Lamb*, 847 F.2d at 703. Nevertheless, the ALJ is not prohibited from considering such evidence when weighing a treating physician's opinion. In addition to Dr. Weksler's opinion and the lack of limitations in Dr. Barsoum's treatment notes, the ALJ also found the Assessment inconsistent with Dr. Barsoum's clinical examination findings and conclusory. R. 28. The Assessment is, as the ALJ found, inconsistent with Dr. Barsoum's clinical examination findings. *Compare* R. 524-72, 606-18, 627-45 *with* R. 663-65. The ALJ accurately noted that aside from subjective complaints of moderate neck and back pain, Dr. Barsoum's treatment notes routinely noted unremarkable physical examinations which "are inconsistent with a claim of an inability to perform even light work level." R. 26-27 (citing R. 522-74, 606-18, 627-62).[7] Additionally, the Assessment is, as the ALJ found, conclusory. Dr. Barsoum was prompted to explain the medical evidence that supported each of the limitations in his Assessment, but failed to do so with every limitation but one. R. 663-65. Dr. Barsoum's failure to explain the medical evidence that supported each limitation in the Assessment is problematic given the extreme limitations therein, which stand in stark contrast to Dr. Barsoum's treatment notes and other objective medical evidence. *Compare* R. 524-72, 606-18, 627-45 *with* R. 663-65. Accordingly, viewing the ALJ's reasoning in its entirety, the Court finds that the ALJ articulated good cause to assign little weight to Dr. Barsoum's Assessment, and that the ALJ's reasons for doing so are supported by substantial evidence.

---

[7] As previously mentioned, the record contains numerous treatment notes from Dr. Barsoum dated between May 23, 2008 and April 24, 2012. R. 524-72, 606-18, 627-45. As the ALJ noted, the vast majority of Dr. Barsoum's treatment notes contain unremarkable neck, musculoskeletal, and neurological examinations, indicating: supple neck with full range of motion, normal gait, normal tone and muscle strength, full and painless range of motion of all major muscle groups and joints, no masses, effusions, misalignment, crepitus, or tenderness of major joints, and normal deep tendon reflexes of the biceps, triceps, supinator, knee, and ankle jerk. R. 26 (citing R. 524-50, 560-72, 606-18, 627-45).

## B. Concentration, Persistence and Pace.

Claimant tersely argues that the ALJ did not adequately account for her moderate limitations in concentration, persistence and pace. Doc. No. 16 at 33-35. In *Winschel*, the Eleventh Circuit held that if a claimant is found to suffer moderate limitations in concentration, persistence and pace, the ALJ must either "indicate that medical evidence suggested [that claimant's] ability to work was unaffected by [those] limitation[s]," or include those limitations, either explicitly or implicitly, in the hypothetical question(s) posed to the VE. *Winschel*, 631 F.3d at 1181. Since *Winschel*, the Eleventh Circuit has recognized that a hypothetical question could sufficiently account for moderate limitations in concentration, persistence and pace by including a restriction to simple or routine tasks, if the medical evidence demonstrates that the claimant has the ability to perform those tasks despite such limitations. *See, e.g.*, *Neefe v. Comm'r of Soc. Sec.*, 531 F. App'x 1006, 1007 (11th Cir. 2013); *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 907-08 (11th Cir. 2013); *Jacobs v. Comm'r of Soc. Sec.*, 520 F. App'x 948, 950-51 (11th Cir. 2013); *Washington v. Soc. Sec. Admin., Comm'r*, 503 F. App'x 881, 883 (11th Cir. 2013).

At step three of the sequential evaluation process, the ALJ found that Claimant had moderate limitations in maintaining concentration, persistence and pace. R. 23. At step four of the sequential evaluation process, the ALJ discussed Claimant's testimony and the limited medical and opinion evidence concerning claimant's mental impairments. R. 24, 27-28. Based on this evidence, the ALJ concluded that "the course of medical treatment is not consistent with allegations of disabling mental symptoms but is fully consistent with [the] residual functional capacity[,]" which limited Claimant to "simple, routine unskilled tasks with only an occasional change in routine work setting." R. 24, 27-29. Therefore, the ALJ, based on the testimony and evidence concerning Claimant's mental impairments, expressly found that despite Claimant's

moderate limitations in maintaining concentration, persistence and pace, Claimant is nevertheless capable of performing "simple, routine unskilled tasks with only an occasional change in routine work setting." *Id*.  The ALJ's determination is supported by substantial evidence, and consistent with the holding in *Winschel*.

### C.  Hypothetical to VE.

At step five of the sequential evaluation process, the ALJ, relying on the VE's testimony, determined that Claimant, despite her functional limitations, could perform other work in the national economy.  R. 29-30.  Claimant argues that the ALJ's hypothetical question to the VE did not properly account for the limitations in Dr. Barsoum's Assessment or her moderate limitations in maintaining concentration, persistence and pace.  Doc. No. 16 at 36-38.  Consequently, Claimant argues that the ALJ's determination at step five is not supported by substantial evidence.  *Id*.  In order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which is accurate and includes all of a claimant's limitations.  *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  However, the ALJ need not include "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported" in the hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

The success of Claimant's final argument is contingent upon the success of Claimant's first and second arguments.  As discussed above, the ALJ's decision to assign Dr. Barsoum's Assessment little weight and to limit Claimant to "simple, routine unskilled tasks with only an occasional change in routine work setting" despite her moderate limitations in concentration, persistence and pace is supported by substantial evidence.  *See supra* at 2-8.  Therefore, the

ALJ's hypothetical question to the VE, which is consistent with the ALJ's RFC determination, properly accounted for Claimant's functional limitations.  *Compare* R. 24 *with* R. 66. Accordingly, the VE's testimony provided substantial evidence that Claimant could perform other work in the national economy, and thus the ALJ did not err by relying on the VE's testimony.

**III.   CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **AFFIRMED**; and

2. The Clerk is directed to enter judgment in favor of the Commissioner and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 29, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable George Gaffaney
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR
Chicago NHC
15th Floor
200 West Adams
Chicago, IL 60606